**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| VANESSA TUCKER, individually and on behalf of those similarly situated, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION |
| v. ) ) | No. 25-2569-KHV |
| HARCROS CHEMICALS INC, et al., ) ) | |
| Defendants. ) ) | |

**ORDER**

This matter comes before the Court on <u>Defendant Philips North America LLC (f/k/a Philips Electronics North America Corporation)'s Motion to Dismiss for Lack of Standing and Failure to State a Claim</u> (Doc. #36) filed January 9, 2026.

Having carefully considered the parties' positions, the Court finds that the motion should be sustained for lack of jurisdiction under Article III of the United States Constitution. The Court substantially adopts the reasons set forth on pages 2 through 12 of the <u>Memorandum in Support of Defendant Philips North America LLC (f/k/a Philips Electronics North America Corporation)'s Motion to Dismiss for Lack of Standing and Failure to State a Claim</u> (Doc. #37) filed January 9, 2026 and Sections I, III and IV of the <u>Reply in Support of Defendants' Motions to Dismiss</u> (Doc. #45) which Philips North America LLC filed March 5, 2026.

Between plaintiff's failure to allege any injury in fact, the fact that Kansas has never recognized a free-standing cause of action for medical monitoring and the preclusive effect of the Kansas statute of repose, K.S.A. § 60-513(b), plaintiff has no legally cognizable injury which is sufficient to create standing under Article III. As a result, the Court lacks subject matter jurisdiction.

In these circumstances, for two reasons, it would be improper and imprudent to certify to the Kansas Supreme Court the questions (1) whether Kansas would recognize Court-supervised medical monitoring relief through a Court-administered monitoring program or fund; (2) if so, whether such relief is a remedy upon proof of an underlying tort or may be pursued as an independent cause of action (or both); and (3) what, if any, statutes of limitations and statutes of repose might govern such claims for relief. First, the Court lacks subject matter jurisdiction to enter such an order. And second, unless the Kansas Supreme Court were to also re-invent the statute of repose, plaintiff would still have no legally cognizable injury and any opinion about medical monitoring claims would be purely advisory.

As a matter of discretion, the Court also declines to certify the question to the Kansas Supreme Court because (1) Kansas law is not necessarily unsettled or unclear, it is simply contrary to plaintiff's position; (2) certification is a time-consuming and expensive process, and this Court has serious questions whether the Kansas Supreme Court would wade into this issue (which is perhaps more properly one for the Kansas legislature); (3) on this record, because of the statute of repose, creating a cause of action for medical monitoring would not necessarily benefit this plaintiff; and (4) failure to certify at this stage does not prevent the Tenth Circuit Court of Appeals, to which this ruling is inevitably destined, from taking another look at whether to certify.

In light of these conclusions, the Court need not address defendant's further arguments that the complaint alleges no facts which could support the imposition of liability under a veil-piercing or successor theory of liability and does not plausibly allege the elements of a medical monitoring claim "as argued under out-of-state law."

Because this case is headed for appeal and the Tenth Circuit will review de novo the legal basis for this holding, the motion to dismiss presents no factual issues, the law is well settled and

-3-

the Court has other pressing business, it renders this truncated ruling to advance the just, speedy and inexpensive determination of this action under Rule 1, Fed. R. Civ. P.

**IT IS THEREFORE ORDERED** that Defendant Philips North America LLC (f/k/a Philips Electronics North America Corporation)'s Motion to Dismiss for Lack of Standing and Failure to State a Claim (Doc. #36) filed January 9, 2026 is **SUSTAINED.**

Dated this 9th day of April, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge