**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| VANESSA TUCKER, individually and on behalf of those similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | No. 25-2569-KHV |
| HARCROS CHEMICALS INC, et al., | ) ) | |
| Defendants. | ) ) ) | |

**ORDER**

This matter comes before the Court on <u>Defendant Elementis Chemicals Inc's Motion to Dismiss Plaintiff's Complaint</u> (Doc. #38) filed January 9, 2026.  Having carefully considered the parties' positions, the Court finds that the motion should be sustained for substantially the reasons set forth in <u>Defendant Elementis Chemicals Inc's Legal Memorandum in Support of Its Motion to Dismiss Plaintiff's Complaint</u> (Doc. #39), also filed January 9, 2026, and pages 1 through 5 of <u>Defendants Elementis Chemical Inc's and Elementis PLC's Joint Reply Memorandum in Further Support of Their Motions to Dismiss Plaintiff's Complaint</u> (Doc. #47) filed March 5, 2026.

The complaint does not allege that defendant engaged in operations at the facility after 2001, so the Kansas statute of repose, K.S.A. § 60-513(b), bars plaintiff's claims.

The Court declines to certify to the Kansas Supreme Court under K.S.A. § 60-3201 the questions whether (1) Kansas recognizes court-supervised medical monitoring relief through a court-administered monitoring program or fund; (2) if so, whether such relief is a remedy upon proof of an underlying tort or may be pursued as an independent cause of action (or both); and (3) what, if any, statutes of limitations and statutes of repose might govern such claims for relief.  The statute of repose is by definition statutory and thus binding on the Court, which does

-2-

not need to make an "*Erie* guess" about how it applies here.  The statute of repose provides clear, controlling precedent.  Kansas law on this issue is not necessarily unsettled or unclear, it is simply contrary to plaintiff's position.

Certification is a time-consuming and expensive process and this Court has serious questions whether the Kansas Supreme Court would wade into the three issues which plaintiff proposes to certify, which are perhaps more properly ones for the Kansas legislature than the Kansas Supreme Court.  Furthermore, failure to certify at this stage would not prevent the Tenth Circuit Court of Appeals, to which this ruling is inevitably destined, from taking another look at whether to certify.

Because this case is headed for appeal and the Tenth Circuit will review de novo the legal basis for this holding, the motion to dismiss presents no factual issues, the law is well settled and the Court has other pressing business, it renders this truncated ruling to advance the just, speedy and inexpensive determination of this action under Rule 1, Fed. R. Civ. P.

**IT IS THEREFORE ORDERED** that <u>Defendant Elementis Chemicals Inc's Motion To Dismiss Plaintiff's Complaint</u> (Doc. #38) filed January 9, 2026 is **SUSTAINED.**

Dated this 9th day of April, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-2-