IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VANESSA TUCKER, individually and on behalf )
of those similarly situated,                 )
                                             )
                    Plaintiff,               )
                                             )       CIVIL ACTION
v.                                           )
                                             )       No. 25-2569-KHV
HARCROS CHEMICALS INC, et al.,               )
                                             )
                    Defendants.              )
_____      )

## MEMORANDUM AND ORDER

This matter comes before the Court on <u>Defendant Elementis PLC's Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(2) for Lack of Personal Jurisdiction, Alternative Rule 12(b)(6) Motion to Dismiss, and Joinder in Elementis Chemicals Inc's Motion to Dismiss</u> (Doc. #40) filed January 9, 2026.  Defendant argues that it is not subject to personal jurisdiction in this Court, and makes an alternative argument that under Rule 12(b)(6), Fed. R. Civ. P., the Kansas statute of repose requires dismissal of plaintiff's complaint.

When defendants seek dismissal under 12(b)(2) and 12(b)(6) in the alternative, the Court must first decide the jurisdictional challenge because the latter challenge would be moot if the Court lacks jurisdiction over defendant.  <u>See</u> <u>Creamer v. Gildemeister</u>, No. 15-4871-KHV, 2015 WL 6828186, at *2 (D. Kan. Nov. 6, 2015).  Defendant argues that it is not subject to general or specific jurisdiction in Kansas and that the complaint fails to allege continuous or systematic or even minimum contacts such that the exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice.  In response, plaintiff does not claim that the complaint currently alleges facts which would justify the exercise of personal jurisdiction over defendant.  She contends that jurisdictional discovery is required to "resolve the disputed facts"

regarding personal jurisdiction over the "Elementis Entities."  She  has not identified a single jurisdictional fact which is disputed, however, or explained what discovery is necessary.  The Court declines to subject defendant to jurisdictional discovery which, clearly, is nothing but a fishing expedition.

On this record, defendant is not subject to personal jurisdiction in this Court and plaintiff's complaint must be dismissed under Rule 12(b)(2).  In this regard, the Court substantially agrees with the authorities and arguments set forth on pages 1 through 13 of  Defendant Elementis PLC's Legal Memorandum in Support of Its Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(2) for Lack of Personal Jurisdiction, Alternative Rule 12(b)(6) Motion to Dismiss, and Joinder in Elementis Chemicals Inc's Motion to Dismiss (Doc. #41) filed January 9, 2026, and pages 1, 2, 5 and 6 of Defendants Elementis Chemical Inc's and Elementis PLC's Joint Reply Memorandum in Further Support of Their Motion to Dismiss Plaintiff's Complaint (Doc. #47) filed March 5, 2026.

Because plaintiff fails to make a prima facie showing of jurisdiction and identifies no factual issues, defendant's motion must be granted under Rule 12(b)(2) for lack of personal jurisdiction.  Eighteen Seventy, LP v. Jayson, 32 F.4th 956, 964 (10th Cir. 2022) (citing OMI Holdings, Inc. v. Royal Ins. Co. of Can., 149 F.3d 1086, 1091 (10th Cir. 1998)).  As a result, the Court need not address defendant's alternative motion to dismiss under Rule 12(b)(6).

The law is well settled, and due to the press of other court business, the Court renders this truncated ruling to advance the just, speedy and inexpensive determination of this action under Rule 1, Fed. R. Civ. P.

**IT IS THEREFORE ORDERED** that Defendant Elementis PLC's Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(2) for Lack of Personal Jurisdiction, Alternative Rule

-3-

12(b)(6) Motion to Dismiss, and Joinder In Elementis Chemicals Inc's Motion To Dismiss (Doc.

#40) filed January 9, 2026 is **SUSTAINED.**

Dated this 9th day of April, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-3-